**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

JAMES FICKEN, trustee,
SUNCOAST FIRST TRUST; and
SUNCOAST FIRST TRUST,

    Plaintiffs,

vs.

CITY OF DUNEDIN, FLORIDA;
DUNEDIN CODE ENFORCEMENT BOARD;
MICHAEL BOWMAN, in his official capacity as Code
Enforcement Board Chairman; LOWELL SUPLICKI,
in his official capacity as Code Enforcement Board
Vice-Chair; ARLENE GRAHAM, in her official
capacity as a member of the Code Enforcement Board;
KEN CARSON, in his official capacity as a member
of the Code Enforcement Board; WILLIAM
MOTLEY, in his official capacity as a member
of the Code Enforcement Board; DAVE PAULEY,
in his official capacity as a member of the Code
Enforcement Board; and BUNNY DUTTON, in
her official capacity as a member of the Code
Enforcement Board,

    Defendants.
_____/

Case No.: 8:19-cv-01210
State Ct. Case No.:19-003181-CI

**DEFENDANTS' MOTION TO STRIKE
AND INCORPORATED MEMORANDUM OF LAW**

Defendants, CITY OF DUNEDIN, FLORIDA, DUNEDIN CODE ENFORCEMENT BOARD, MICHAEL BOWMAN, LOWELL SUPLICKI, ARLENE GRAHAM, KEN CARSON, WILLIAM MOTLEY, DAVE PAULEY, and BUNNY DUTTON (collectively, the "City"),[1]

---

[1] The individuals named are all members of the City's Code Enforcement Board and have been named in their official capacities. (Dkt. 1 at 1). When a suit is filed against both a governmental entity and the entity's officers and employees in their official capacities, it is appropriate for the Court to dismiss the named individual defendants in their official capacities as redundant and possibly confusing. Busby v. City of Orlando, 931 F.2d 764, 776 (11th Cir. 1991). The City has

pursuant to Fed. R. Civ. P. 12 (f), move to strike portions of Plaintiff's Amended Complaint and, as grounds therefore, state as follows:

1. The instant case concerns municipal code violations occurring at Plaintiff's property, the City's ordinances addressing same, and a fine imposed as the result of the violations. (Dkt. 22).

2. More specifically, Plaintiff alleges that the fines imposed are excessive and therefore in violation of the Eighth Amendment to the United States Constitution and the parallel provision of the Florida Constitution. Plaintiff also alleges procedural due process violations under both the federal and state constitutions.

3. The Amended Complaint, which is also the subject of a Dispositive Motion to Dismiss filed by the City, is replete with irrelevant, redundant, immaterial, and prejudicial allegations.

4. Accordingly, the City respectfully requests that, if the Motion to Dismiss is denied in whole or in part, the Court strike the portions of the Amended Complaint identified herein under Fed. R. Civ. P. 12 (f).

## MEMORANDUM OF LAW

Fed. R. Civ. P. 12 (f) provides that "the court may order stricken from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." The purpose of a motion to strike is to clean up the pleadings, remove irrelevant or otherwise confusing materials, and avoid unnecessary forays into immaterial matters. <u>Liberty Media Holdings, LLC v. Wintice Group, Inc.</u>, 2010 WL 2367227 at *1 (M.D. Fla. June 14, 2010); <u>Hutchings v. Fed. Ins. Co.</u>, 2008 WL 4186994 at *2

---

asked in its motion to dismiss that, if the Amended Complaint is not dismissed in its entirety, the individually-identified defendants be dismissed.

(M.D. Fla. Sept. 8, 2008). A matter is "scandalous" under the rule when it improperly casts a derogatory light on someone. Pardo v. Fleetwood Motor Homes of Pa., Inc., 2005 WL 3113215 at*2 (M.D. Fla. Nov. 20, 2005).

A motion to strike is not intended to procure the dismissal of all or part of a complaint. Williams v. Delray Auto Mall, Inc., 289 F.R.D. 697, 700 (S.D. Fla. 2013). Granting a motion to strike is a drastic remedy and is disfavored by the courts. Nash v. O.R. Colan Group, LLC, 2012 WL 4338817 at *1 (S.D. Fla. Sept. 20, 2012) (citing Thompson v. Kindred Nursing Ctrs. E., LLC, 211 F.Supp.2d 1345, 1348 (M.D. Fla. 2002)); Tracfone Wireless, Inc. v. Access Telecom, Inc., 642 F.Supp.2d 1354, 1361 (S.D. Fla. 2009). If there is any doubt as to whether under any contingency the matter may raise an issue, the motion should be denied. Therefore, a motion to strike will be granted only if the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party. 2 James W. Moore et al., Moore's Federal Practice ¶ 12.21[2], at 2317 (2d ed. 1992).

In this case, the Amended Complaint contains a number of allegations which are redundant and confusing, and which will compel forays into unnecessary matters. Other allegations have no purpose other than to disparage, harass, and belittle the City and its City Attorney, and to inflame and prejudice the trier of fact against the City. Specifically:

- The City requests the entire "INTRODUCTION" narrative section be stricken. Essentially, this section sets forth in summary narrative form what the case is about, which is later set forth thereafter in detailed numbered allegations that follow. Hence, the section is, at best, unnecessary and redundant. More importantly, though, the narrative is disparaging of the City and its attorney in both its tone and its language. It is entirely appropriate as a press release. As a matter of legal pleading, it is wholly immaterial, impertinent, and redundant of the factual allegations that

follow it. The theme of the government's boot on the helpless Plaintiff's neck is woven immaterially and redundantly throughout the Amended Complaint, and the City requests the Introduction be stricken in its entirety as prejudicially casting the City and its agents in a derogatory light.

- The City requests that portions of paragraphs 10 and 11 be stricken. These paragraphs allege that "[Plaintiff] is 69 years old, has virtually no regular income, and resides by himself in the House. He has never married and has no children. Jim does not have tens of thousands of dollars with which to pay municipal fines for tall grass." Plaintiff's age has no relationship whatsoever to this case. He has not requested an expedited hearing based on it, and it can have no other relevance. Likewise immaterial are whether he lives alone or with others, his marital status, his reproductive status, and the amount of money he has or has not. These allegations are presumably included to generate sympathy for Plaintiff and to again cast him as the helpless victim of an overreaching government. Plaintiff's excision of his own ability to pay reflects his understanding that it has no role in the constitutional inquiry of this case. The allegations further cast the City in a derogatory light by using "tall grass" to illustrate the pettiness of the violation, not challenge its validity.

- The City requests that paragraph 23, which references U.S. Census data regarding the City's population, be stricken as having no possible bearing on this controversy. Likewise, paragraphs 25-26, which reference statements made on the City's website or by its City Attorney relative to code enforcement, are immaterial, unnecessary, and cast both in a derogatory light. It is not at issue whether the City has enforced its codes consistently with the City's website or with the City Attorney's statements, only whether the codes have been enforced consistently with the United States and Florida Constitutions.

- The City requests that paragraph 43 and 44 be stricken. These paragraphs assert that the City can achieve code compliance in other ways besides imposing fines, and that such alternative methods have been endorsed by two members of the City's governing board. The issue in the case is not whether the City can or should use other mechanisms to enforce its code, and it is certainly not whether those methods have been recommended or endorsed by others. This case concerns whether the mechanisms actually employed as to Plaintiff are lawful, so forays into others is immaterial and irrelevant.

- The City requests that the Section C entitled "THE CITY OF DUNEDIN'S CODE ENFORCEMENT REVENUE," paragraphs 52-66, be stricken in its entirety. The section makes allegations that the City generates revenue through code enforcement fines that it utilizes to pay City operating expenses, including the salary of the City Attorney, with several allegations concerning the City's budgeted revenue concerning same and that same has been increasing over the years. While these allegations may be appropriate for a newspaper article, they have no bearing on this legal controversy. Even if true, they bear not at all on the constitutional issues presented to the Court in Counts I through IV of the Amended Complaint. They are entirely immaterial and, if left intact, will compel an unnecessary foray into City finances. The allegations can be intended only to disparage the City and advance the theme of the oppressive government.

- The City requests that those portions of paragraphs 67-69 referencing Plaintiff's sick, dying, or deceased mother be stricken. The allegations are irrelevant, immaterial, and can only be construed to cast the City in a derogatory light by inferring the City was not sufficiently sensitive or responsive to Plaintiff's personal matters. The allegations serve only to engender prejudice against the City and advance the theme noted herein.

The portions of the Amended Complaint sought to be stricken represent a small part of its twenty-five page length, and the City in advancing this motion is not attempting to clean up or polish the pleadings. Instead, the City seeks to strike only those portions of the Amended Complaint that are immaterial, impertinent, redundant, or prejudicial to it.

WHEREFORE, for the reasons stated herein, the City respectfully requests this Court strike those portions of the Amended Complaint identified herein, along with such other relief as the Court deems appropriate.

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01 (g)

I certify that I have conferred with counsel for Plaintiffs regarding this motion and he does not agree with the relief requested herein.

Respectfully submitted,

/s/ Jay Daigneault, Esq.
Jay Daigneault, Esq. - FBN 0025859
Randy Mora, Esq. - FBN 0099895
1001 South Fort Harrison Ave., Ste. 201
Clearwater, Florida 33756
(727) 733-0494 – Phone
(727) 733-2991 – Fax
Primary: jay@cityattorneys.legal
Primary: randy@cityattorneys.legal
Secondary: jenny@cityattorneys.legal
*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on September 30, 2019 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will provide electronic service of same to Justin M. Pearson, Esq., at jpearson@ij.org, Ari S. Bargil, Esq. at abargil@ij.org, and Andrew H. Ward at andrew.ward@ij.org, attorneys for Plaintiffs.

      /s/ Jay Daigneault, Esq.
Jay Daigneault, Esq. - FBN 0025859
Randy Mora, Esq. - FBN 0099895
1001 South Fort Harrison Ave., Ste. 201
Clearwater, Florida 33756
(727) 733-0494 – Phone
(727) 733-2991 – Fax
Primary: jay@cityattorneys.legal
Primary: randy@cityattorneys.legal
Secondary: jennifer@cityattorneys.legal
*Attorneys for Defendants*