UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES FICKEN, trustee, SUNCOAST FIRST TRUST, and SUNCOAST FIRST TRUST,

    Plaintiffs,

v.                                                                     Case No: 8:19-cv-1210-T-36SPF

CITY OF DUNEDIN, FLORIDA, *et al.*,

    Defendants.
_____/

# ORDER

This cause comes before the Court upon Defendants' Dispositive Motion to Dismiss Amended Complaint and Incorporated Memorandum of Law (the "Motion to Dismiss"), (Doc. 24), and Defendants' Motion to Strike and Incorporated Memorandum of Law (the "Motion to Strike"), (Doc. 25). Plaintiffs have responded in opposition. (Docs. 30, 31). The Court, having considered the parties' submissions and being fully advised in the premises, will deny the Motion to Dismiss and deny the Motion to Strike.

    **I.    BACKGROUND**

Suncoast First Trust ("Suncoast") and James Ficken ("Ficken" and, together with Suncoast, "Plaintiffs"), as trustee of Suncoast, sue the City of Dunedin, Florida (the "City"), the Dunedin Code Enforcement Board, Code Enforcement Board Chairman Michael Bowman, Code Enforcement Board Vice-Chair Lowell Suplicki, and Code Enforcement Board members Arlene Graham, Ken Carson, William Motley, Dave Pauley, and Bunny Dutton (collectively, "Defendants") for allegedly violating the Excessive Fines Clause of the Eighth Amendment to the United States Constitution (Count I), the Excessive Fines Clause of Article I, section 17 of the

Florida Constitution (Count II), the Due Process Clause of the Fourteenth Amendment to the United States Constitution (Count III), and the Due Process Clause of Article I, section 9 of the Florida Constitution (Count IV). (Doc. 22 ¶¶102–152).

## II.   MOTION TO DISMISS

Defendants filed the Motion to Dismiss on September 30, 2019, submitting three arguments for the dismissal of Plaintiffs' operative, amended complaint (the "Amended Complaint"). (Doc. 24 at 9–24). On April 10, 2020, Defendants filed a motion for summary judgment. (Doc. 42). As explained below, the Court will deny the Motion to Dismiss and instead consider Defendants' arguments on summary judgment.

Focusing on Counts I and II first, Defendants argue in the Motion to Dismiss that the Florida Legislature and the City's governing body have determined that the daily accruing fine is directly proportional to a repeat violation, with courts upholding such legislative determinations. (Doc. 24 at 14). Defendants also assert that the Amended Complaint dramatically miscasts foreclosure—a remedy legislatively authorized to secure the payment of a validly issued fine—as a fine or penalty. *Id.* at 16–17. Defendants claim that, even if the Court views the foreclosure of a code enforcement lien as a fine susceptible to constitutional scrutiny, Plaintiffs' allegations do not establish that Plaintiffs' attack on the foreclosure lien is ripe, as Plaintiffs do not allege that a foreclosure action was filed. *Id.* at 17–18.

Second, Defendants argue that the Court should dismiss Count III because Plaintiffs fail to plead, and cannot plead, the requisite "constitutionally inadequate process" for this federal procedural due process claim. *Id.* at 20. Defendants point out that the applicable sections of the Florida Statutes and the City's Code of Ordinances each allow appeal of the Code Enforcement

2

Board's final orders to the state circuit court. *Id.* at 20–21. Defendants argue that the ability to appeal these orders satisfies the requirement for the State to provide a remedy. *Id.* at 21.

Third and finally, Defendants argue that the Court should dismiss Count IV because, to the extent that Plaintiffs assert an as-applied challenge to Chapter 162, Florida Statutes, or Chapter 22 of the City's Code of Ordinances, Ficken's failure to file an appeal of the order imposing fines referenced in the Amended Complaint constitutes a failure to exhaust his administrative remedies. *Id.* at 22–23. Defendants also assert that, to the extent that Plaintiffs bring a facial challenge against Chapter 162, Florida Statutes, or Chapter 22 of the City's Code of Ordinances, such challenge fails because both chapters provide "extensive protections" against any deprivations of the property interests of violators, as well as means to appeal orders. *Id.* at 22.

As a result of its heavy case load, the Court has not yet ruled on the Motion to Dismiss. Consequently, Defendants filed a notice under Local Rule 3.01(h)[1] on April 17, 2020, contending one-hundred eighty-six days had passed since Plaintiffs' filing of their response in opposition to the Motion to Dismiss. (Doc. 46 at 2). Notwithstanding the pendency of the Motion to Dismiss, the parties recently filed cross-motions for summary judgment. (Docs. 42, 43).

In their motion for summary judgment, Defendants advance the same arguments against Plaintiffs' action that they raise in the Motion to Dismiss. In once again attacking Counts I and II first, Defendants reiterate that the daily accruing fine falls within a legislatively authorized range

---

[1] The Rule provides, in relevant part: "All dispositive motions which are not decided within 180 days of the responsive filing (or the expiration of the time allowed for its filing under the local rules) shall be brought to the attention of the district judge by the movant by filing a 'Notice To the Court' within 10 days after the time for deciding the motion has expired." Local R. M.D. Fla. 3.01(h).

and, therefore, is not excessive.[2] *Id.* at 18–20. Defendants again emphasize the purported proportionality of the daily fines under Chapter 162, Florida Statutes, and Chapter 22 of the City's Code of Ordinances, relying on many of the cases cited in the Motion to Dismiss' section addressing Counts I and II. *Id.* at 18–19. Like the Motion to Dismiss, Defendants also argue that foreclosure does not fall within the scope of the Excessive Fines Clauses because it serves a remedial purpose. *Id.* at 21–22. Defendants argue that, to the extent that the Court disagrees, foreclosure is nonetheless proportional.[3] *Id.* at 22.

Second, Defendants argue that they are entitled to summary judgment on Count III because Ficken received due process through the City's code enforcement process, emphasizing the lack of supporting evidence in the record. *Id.* at 22–23. Defendants reiterate that this federal due process claim must fail because Plaintiff has not shown the requisite "constitutionally inadequate process"

---

[2] In the Motion to Dismiss, Defendants argue that, to the extent that Plaintiffs raise facial or as-applied challenges to Chapter 162, Florida Statutes, or Chapter 22 of the City's Code of Ordinances regarding the imposition of fines, both challenges fail. (Doc. 24 at 14–15). However, in addressing Counts I and II in their summary judgment motion, Defendants claim that Plaintiffs' counsel "has asserted in writing" that Plaintiffs do not raise constitutional challenges to these chapters, but instead argue that "the City's '*system of boundless fines* is unconstitutional on its face and of course as-applied here.'" (Doc. 42 at 17) (quoting Doc. 36-1 at 41) (emphasis added). As such, Defendants omit this argument from their summary judgment motion, noting simply that "this matter cannot be extracted from the codified law which governs it" and instead reiterating the proportionality of the daily fines and the remedial nature of foreclosure. *Id.*

[3] Defendants argue in the Motion to Dismiss that, even if the Court views the foreclosure of a code enforcement lien as a fine susceptible to constitutional scrutiny, the allegations in the Amended Complaint fail to establish that Plaintiffs' attack on the foreclosure lien is ripe because Plaintiffs do not allege that a foreclosure action was filed. (Doc. 24 at 17–18). Thus, this alternative argument is tied to the sufficiency of Plaintiffs' allegations. In their motion for summary judgment, which necessarily looks beyond the allegations of the Amended Complaint, Defendants tie the alternative argument not to the sufficiency of Plaintiffs' allegations regarding ripeness, but to the proportionality of the foreclosure, as supported by evidence and case law offered in support of the proportionality of the daily fine. (Doc. 42 at 22) ("Should this Court determine otherwise, the City respectfully suggests that foreclosure is proportional for the reasons discussed in Section II B 1 herein."). As noted above, Defendants renew their principal attack against the foreclosure from the Motion to Dismiss in their summary judgment motion.

and both the Florida Statutes and the City's Code of Ordinances provide for the appeal of the Code Enforcement Board's final orders to the state circuit court. *Id.* at 23–24.

Third, Defendants argue that they are entitled to summary judgment on Count IV because, once again, any effort to bring an as-applied challenge must fail as a result of Ficken's failure to exhaust his administrative remedies by failing to appeal any of the Code Enforcement Board's orders. *Id.* at 25. Defendants also reiterate that, to the extent that Plaintiffs bring a facial challenge, the constitutionality of Chapter 162, Florida Statutes, has been upheld and Chapter 22 of the City's Code of Ordinances is identical to Chapter 162. *Id.* at 25. Indeed, Defendants again claim that both of these chapters provide "extensive protection against deprivation of the property interests of those who violate municipal codes and means to appeal orders issued under their authority." *Id.*

Therefore, Defendants advance the same arguments against Plaintiffs' action that they raise in the Motion to Dismiss. As such, to preserve judicial economy, the Court will deny the Motion to Dismiss and rule on Defendants' motion for summary judgment. Consideration of Defendants' arguments in their motion for summary judgment will necessarily allow the Court to look beyond the four corners of the Amended Complaint and perform a thorough review of the submitted evidence, unlike review of the Motion to Dismiss.

### III.     MOTION TO STRIKE

Defendants also move to strike certain portions of the Amended Complaint. (Doc. 30 at 5–10). The Motion to Strike is due to be denied.

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are "drastic" remedies that are disfavored by courts. *Thompson v. Kindred Nursing Ctrs. E.*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (Kovachevich, J.) (quoting *Augustus v. Bd. of Pub. Instruction of Escambia*

5

*Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962)). The Court will decline to exercise its discretion to strike under Rule 12(f), unless the matter sought to be omitted "has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 5784, 576 (M.D. Fla. 1995) (Kovachevich, J.); *Rondolino v. Northwestern Mut. Life. Ins. Co.*, 788 F. Supp. 553, 554 (M.D. Fla. 1992) (Kovachevich, J.) (stating that the Court will usually deny motions to strike "unless allegations have no possible relation to the controversy and may cause prejudice to one of the parties."). The Court has described striking under Rule 12(f) as "draconian." *Fabing v. Lakeland Reg'l Med. Ctr., Inc.*, No. 8:12-cv-2624-T-33MAP, 2013 WL 593842, at *2 n.2 (M.D. Fla. Feb. 15, 2013) (Covington. J.).

Defendants move to strike six portions of the Amended Complaint. First, Defendants ask the Court to strike the "Introduction" section of the Amended Complaint, arguing that this section is "disparaging," "wholly immaterial, impertinent, and redundant of the factual allegations" in the Amended Complaint, and prejudicial because it "cast[s] the City and its agents in a derogatory light." (Doc. 25 at 3–4). Second, Defendants argue that the Court should strike paragraphs 10 and 11 because they "have no relationship whatsoever to this case." *Id.* at 4. Third, Defendants ask the Court to strike paragraph 23 as immaterial and paragraphs 25 and 26 because these paragraphs are "immaterial, unnecessary, and cast [the City and the City Attorney] in a derogatory light." *Id.* Fourth, Defendants move the Court to strike paragraphs 43 and 44 as both irrelevant and immaterial. *Id.* Fifth, Defendants claim that all allegations under "Section C" are immaterial and "will compel an unnecessary foray into City finances." *Id.* Sixth and finally, Defendants argue that the Court should strike paragraphs 67, 68, and 69 because these paragraphs are immaterial, irrelevant, and cast the City in a derogatory light. *Id.*

The cited portions of the Amended Complaint do not warrant the drastic and disfavored relief requested under Rule 12(f). All of these allegations have, at minimum, some *possible* relationship to the controversy in this action. For example, the "Introduction" section's discussion of Ficken's un-mowed grass, the fines allegedly incurred by Ficken as a result, the City's purported practice of levying fines, and the City's designation of homeowners as "repeat offenders" relates to the heart of Plaintiffs' allegations. By way of another example, Defendants assert that paragraphs 67 through 69, which pertain to Ficken's travel to South Carolina to take care of his mother, are "irrelevant," but these allegations are related to the controversy because they pertain to Ficken's purported absence from Dunedin. As such, the Motion to Strike is unpersuasive on this basis.

Further, none of the challenged allegations raise sufficient concerns regarding possible confusion of the issues. Defendants cite alleged confusion of the issues for only two of the specified portions of the Amended Complaint: paragraphs 43 and 44, contending that "[t]he issue is not whether the City can or should use other mechanisms to enforce its code," and "Section C," arguing that the allegations in this section will "compel an unnecessary foray into City finances." (Doc. 25 at 5). Both sets of allegations are relevant to Plaintiffs' action and do not present possible confusion sufficient to warrant the drastic relief under Rule 12(f). As such, these arguments are unavailing, and a review of the remaining selected allegations does not demonstrate any possible confusion of the issues.

Finally, the specified allegations are not prejudicial to Defendants. Defendants cite alleged prejudice for only two of the specified portions of the Amended Complaint: the "Introduction" section and paragraphs 67 through 69. In both instances, Defendants assert that the prejudice stems from the Plaintiffs casting the City and its agents in a derogatory light. But Defendants fail to

explain why these purportedly derogatory allegations *prejudice* them. Rule 12(f) also permits a Court to strike "scandalous matter," which includes a matter that "improperly casts a derogatory light on someone." *Pardo v. Fleetwood Motor Homes of Pa., Inc.*, No. 2:05cv359FTM33DN, 2005 WL 3113215, at *2 (M.D. Fla. Nov. 30, 2005) (Covington, J.) (internal quotation marks omitted). Matter is derogatory when it "detract[s] from the character or standing or something." Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/derogatory (last visited April 21, 2020). Significantly, however, "[i]t is not enough that the matter offends the sensibilities of the objecting party if the challenged actions describe acts or events that are relevant to the action." *Pardo*, 2005 WL 3113215, at *2 (internal quotation marks omitted). As noted above, all of the cited allegations have, at minimum, some *possible* relation to the action. The "Introduction" section and paragraphs 67 through 69 either (i) do not detract from the character or standing of the City or its agents, or (ii) describe alleged acts or events that, based on Plaintiffs' allegations, are relevant to the action. Thus, this argument is unpersuasive. To the extent that Defendants argue that the Court must strike other allegations because they cast the City or the City's agents in a derogatory light, such arguments fail for the same reason.

For the foregoing reasons, and because Defendants fail to offer any other persuasive basis for striking the selected allegations, the Court will deny the Motion to Strike.

## IV.   CONCLUSION

Accordingly, it is hereby **ORDERED** as follows:

1. Defendants' Dispositive Motion to Dismiss Amended Complaint and Incorporated Memorandum of Law (Doc. 24) is **DENIED**.  Defendants shall answer the Amended Complaint on or before May 6, 2020.

2. Defendants' Motion to Strike and Incorporated Memorandum of Law (Doc. 25) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on April 22, 2020.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any