# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

JAMES FICKEN, trustee,
SUNCOAST FIRST TRUST; and
SUNCOAST FIRST TRUST,

    Plaintiffs,

vs.

Case No.: 8:19-cv-01210
State Ct. Case No.:19-003181-CI

CITY OF DUNEDIN, FLORIDA
et al.,

    Defendants.
_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
## TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendants, CITY OF DUNEDIN, FLORIDA, DUNEDIN CODE ENFORCEMENT BOARD (the "CEB"), MICHAEL BOWMAN, LOWELL SUPLICKI, ARLENE GRAHAM, KEN CARSON, WILLIAM MOTLEY, DAVE PAULEY, and BUNNY DUTTON,[1] hereby answer the First Amended Complaint (Dkt. 22) and assert affirmative defenses as follows:

### I.    INTRODUCTION

The City objects to the narrative Introduction section of the First Amended Complaint as violative of Fed. R. Civ. P. 8 (a) and 10 (b). Objection notwithstanding, the entire section is generally denied.

---

[1] The individual defendants should be dismissed because a suit against a governmental actor in his official capacity is, in actuality, a suit against the governmental entity itself. See e.g. Braden Woods Homeowners Association, Inc. v. Mavard Trading, Ltd., 277 So.3d 664, 670 (Fla. 2d DCA 2019); Busby v. City of Orlando, 931 F.2d 764, 776 (11th Cir. 1991).

## II.     JURISDICTION AND VENUE

1.      Admitted that the lawsuit was originally brought in state court, denied that Plaintiffs were or are entitled to relief in state court or this Court.

2.      Admitted that Plaintiffs seek such relief. Denied that the City decided to or imposed a daily or aggregate fine of any amount against Plaintiffs. To the extent that Plaintiffs have improperly conflated the City with the Code Enforcement Board, denied that the daily accruing fine imposed by it is unconstitutional under Excessive Fines Clause of the Eighth Amendment to the U.S. Constitution or Article I, section 17 of the Florida Constitution.

3.      Admitted that Plaintiffs seek such relief. Denied that the property at issue is Plaintiffs' home. Denied that the City decided to foreclose on Plaintiffs' real property. To the extent Plaintiffs have improperly conflated the City with the Code Enforcement Board, admitted that the Code Enforcement Board authorized the City Attorney to institute foreclosure proceedings against the subject real property, but denied that same was a penalty within the purview of the Excessive Fines Clause of the Eighth Amendment to the U.S. Constitution or Article I, section 17 of the Florida Constitution. Denied that Plaintiffs' property was "temporarily" non-compliant with the City's Code of Ordinances.

4.      Denied, as it is unknown to the Defendants whether Plaintiffs seek the relief stated as to the City's code. Plaintiffs' counsel has denied that Plaintiffs seek such relief by stating that ". . .we have not challenged the constitutionality of Chapter 162 [of the Florida Statutes, governing code enforcement] or Chapter 22 [of the City's Code, mirroring Chapter 162, Fla. Stat.]." (Dkt. 36-1 at 41).

5.      Denied that Plaintiffs seek relief against any practice of the City relative to code enforcement or that the City commences or imposes code enforcement fines.

6. Admitted.

7. Admitted.

### III.   PARTIES

8. Admitted.

9. The first sentence is denied. The second sentence is admitted. As to the third sentence, denied that the property is Ficken's residence but admitted that it does not have homestead protection.

10. Admitted that Ficken is 69 years old (though he may now be 70), has never married, and has no children. The remaining allegations are denied.

11. Denied.

12. Admitted that the Code Enforcement Board has authorized the City Attorney to file a foreclosure action, denied that foreclosure as imminent.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted.

17. Admitted that Graham was a member of the Dunedin Code Enforcement Board at the time giving rise to the events at issue in this lawsuit, denied that she is presently a member.

18. Admitted.

19. Admitted.

20. Admitted.

21. Admitted.

## IV.     FACTUAL ALLEGATIONS

### A. THE CITY OF DUNEDIN, FLORIDA, AND ITS CODE ENFORCEMENT PROCESS

22. Defendants re-allege and incorporate by reference its prior answers.

23. Without knowledge, therefore denied. The hyperlink footnoted to this allegation directed undersigned counsel to population estimates as of July 1, 2019 and did not distinguish by percentage or otherwise between adults and non-adults.

24. Without knowledge, therefore denied.

25. Without knowledge, therefore denied.

26. Defendants are without knowledge as to what is meant by "aggressive" in the first sentence, therefore the allegation is denied as to this characterization. It is otherwise admitted that the City enforces its code against noncompliant property owners pursuant to Part I, Chapter 162, Fla. Stat., and Chapter 22, Dunedin Code of Ordinances. As to the second sentence, denied that the quote was recited accurately, fully, or contextually. Defendants are without knowledge and therefore deny that the quote was reported accurately.

27. Denied as an improper conclusion of law. The provisions of Part I, Chapter 162, Fla. Stat., and Chapter 22, Dunedin Code of Ordinances speak for themselves.

28. Denied as an improper conclusion of law. The provisions of Part I, Chapter 162, Fla. Stat., and Chapter 22, Dunedin Code of Ordinances speak for themselves.

29. Denied as an improper conclusion of law. The provisions of Part I, Chapter 162, Fla. Stat., and Chapter 22, Dunedin Code of Ordinances speak for themselves.

30. Denied as an improper conclusion of law. The provisions of Part I, Chapter 162, Fla. Stat., and Chapter 22, Dunedin Code of Ordinances speak for themselves.

31. Denied as an improper conclusion of law. The provisions of Part I, Chapter 162, Fla. Stat., and Chapter 22, Dunedin Code of Ordinances speak for themselves.

32. Denied as an improper conclusion of law. The provisions of Part I, Chapter 162, Fla. Stat., and Chapter 22, Dunedin Code of Ordinances speak for themselves.

33. Denied as an improper conclusion of law. The provisions of Part I, Chapter 162, Fla. Stat., and Chapter 22, Dunedin Code of Ordinances speak for themselves.

34. Denied as an improper conclusion of law. The provisions of Part I, Chapter 162, Fla. Stat., and Chapter 22, Dunedin Code of Ordinances speak for themselves.

35. Denied as an improper conclusion of law. The provisions of Part I, Chapter 162, Fla. Stat., and Chapter 22, Dunedin Code of Ordinances speak for themselves.

36. Defendants are without knowledge as to what is meant by "routinely" and "traditional code enforcement actions." Therefore, to the extent this paragraph may be construed to contain factual allegations, it is denied as premised on these characterizations. The allegation is further denied to the extent it suggests that a violator who has been adjudicated in violation by a code enforcement board but not fined is not a repeat violator within the definition of § 22-42 of the City's Code or § 162.04 (5), Fla. Stat. The provisions of Part I, Chapter 162, Fla. Stat., and Chapter 22, Dunedin Code of Ordinances speak for themselves.

37. Denied as an improper conclusion of law. The provisions of Part I, Chapter 162, Fla. Stat., and Chapter 22, Dunedin Code of Ordinances speak for themselves.

38. Denied as an improper conclusion of law. The provisions of Part I, Chapter 162, Fla. Stat., and Chapter 22, Dunedin Code of Ordinances speak for themselves.

39. Denied as an improper conclusion of law. The provisions of Part I, Chapter 162, Fla. Stat., and Chapter 22, Dunedin Code of Ordinances speak for themselves.

40. Denied as an improper conclusion of law. The provisions of Chapter 22, Dunedin Code of Ordinances speak for themselves.

41. The first sentence is denied as the City does consider requests for fine reductions from both violators and repeat violators, which consideration is not required by either Part I, Chapter 162, Fla. Stat., or Chapter 22, Dunedin Code of Ordinances. The second sentence is admitted. The third sentence is denied as phrased because the "position" of the City stated is not the City's position but rather a rule of procedure adopted by the Code Enforcement Board.

42. The first sentence is admitted as to the Code Enforcement Board but denied as to the City. The second sentence is denied.

43. Admitted that the code enforcement process set forth in Part I, Chapter 162, Fla. Stat., and Chapter 22, Dunedin Code of Ordinances is not the exclusive method for enforcing municipal codes.

44. Admitted that the Mayor made the statement identified or a similar statement at the October 4, 2018 meeting. Defendants are without knowledge and therefore deny that any other member of the Board of Commissioners has made any such statement or suggestion.

### B. THE CITY'S IMPOSITION OF LIENS AND FORECLOSURES

45. Denied as an improper conclusion of law. The provisions of Part I, Chapter 162, Fla. Stat., and Chapter 22, Dunedin Code of Ordinances, speak for themselves.

46. Denied as an improper conclusion of law. The provisions of Part I, Chapter 162, Fla. Stat., and Chapter 22, Dunedin Code of Ordinances speak for themselves.

47. Denied as an improper conclusion of law. The provisions of Part I, Chapter 162, Fla. Stat., and Chapter 22, Dunedin Code of Ordinances speak for themselves.

48. Denied as an improper conclusion of law. The provisions of Part I, Chapter 162, Fla. Stat., and Chapter 22, Dunedin Code of Ordinances speak for themselves.

49. Denied as an improper conclusion of law and legal argument. The provisions of Part I, Chapter 162, Fla. Stat., and Chapter 22, Dunedin Code of Ordinances speak for themselves.

50. Denied as an improper conclusion of law. The provisions of Part I, Chapter 162, Fla. Stat., and Chapter 22, Dunedin Code of Ordinances speak for themselves. To the extent the paragraph is construed as an allegation of fact, the City Attorney is required to and does seek authorization from the Code Enforcement Board to foreclose code enforcement liens pursuant to § 162.09 (3), Fla. Stat., and § 22-81, Dunedin Code of Ordinances.

51. Denied as an improper conclusion of law. The provisions of Part I, Chapter 162, Fla. Stat., § 45.032, Fla. Stat., and Chapter 22, Dunedin Code of Ordinances speak for themselves.

### C. THE CITY OF DUNEDIN'S CODE ENFORCEMENT REVENUE

52. Admitted that revenue associated with code enforcement is deposited to the City's general fund, otherwise denied.

53. Admitted that municipal salaries and expenses are paid from the City's general fund, otherwise denied.

54. Denied that the City Attorney is paid a salary. Admitted that the City's legal fees and costs are paid from the City's general fund.

55. Admitted that the hyperlinks footnoted to this paragraph lead to articles reflecting the statements alleged. Without knowledge as to whether such statements were reported accurately, therefore denied.

56. Denied.

57. Admitted that the foreclosure crisis resulted in an increase in code violations and, consequently, code enforcement fines, otherwise denied.

58. Denied.

59. Without knowledge, therefore denied.

60. Admitted.

61. The first sentence is admitted. Defendants are without knowledge as to the second sentence, and therefore deny same.

62. Admitted.

63. Admitted.

64. Without knowledge, therefore denied.

65. The first sentence is denied. The second sentence is admitted to the extent that fines, including code enforcement fines, produce revenue; otherwise, denied.

66. The first sentence is denied as an improper conclusion of law. The provisions of Part I, Chapter 162, Fla. Stat., and Chapter 22, Dunedin Code of Ordinances speak for themselves. The second sentence is denied.

### D. THE CITY OF DUNEDIN'S CASE AGAINST THE PLAINTIFF

67. As to the first sentence, admitted that Plaintiff was cited in May 2015. The Defendants are without knowledge as to his whereabouts at that time and therefore deny same. Upon information and belief, Plaintiff's mother was not sick, but elderly. As to the second sentence, the allegation that Plaintiff mowed his lawn promptly is denied. It is further denied that Plaintiff was never fined (as a fine levied against him prompted the instant lawsuit), but admitted that he was not fined after having been found in violation of the City's code in 2015. The third

8

sentence is admitted to the extent that Plaintiff had no interaction with Dunedin code enforcement until the events giving rise to this lawsuit.

68. The first sentence is admitted. As to the second sentence, it is unknown whether Plaintiff was the sole executor of his late mother's estate, and therefore denied. It is admitted that Plaintiff makes regular trips to South Carolina, but denied to the extent it is implied such trips are solely for the purposes of attending to her affairs.

69. As to the first sentence, admitted that Plaintiff spent substantial time in South Carolina between 2015 and 2018. The second sentence is denied.

70. The first sentence is admitted. As to the second sentence, the Defendants are without knowledge as to the cause of Kellum's death or whether it was unexpected. The third sentence is admitted.

71. Admitted that Plaintiff had been found in violation of the same section of the City's code in May 2015, denied that it was the City which classified him as a repeat violator, as such classification is defined by statute.

72. Denied.

73. Denied.

74. As to the first sentence, denied that the City fined Plaintiff at any time. Inasmuch as the allegation is directed to the Code Enforcement Board, denied. The second sentence is denied.

75. The first sentence is denied. The second sentence is denied both as stated and inasmuch as it implies a fine was imposed in advance of and without a hearing. The third sentence is denied.

76. As to the first sentence, the Defendants are without knowledge as to what Plaintiff liked about the condition of his lawn or what he knew concerning its care, and therefore deny

9

same. The second sentence is denied both as stated and inasmuch as it implies a fine was imposed in advance of and without a hearing. The third sentence is denied.

77. As to the first sentence, the Defendants are without knowledge and therefore deny same. The remaining allegations are denied.

78. As to the first sentence, admitted that Plaintiff spoke to a code enforcement officer on or about August 20. The Defendants deny this was the first time Plaintiff spoke to a code enforcement officer about the condition of the lawn, and therefore deny the allegation inasmuch as the term "finally" implies same. The second sentence is denied.

79. Denied.

80. Denied that Plaintiff could have learned he was being fined on August 20 as a hearing before the Code Enforcement Board had not yet occurred. Admitted that Plaintiff purchased a lawnmower on August 20. The Defendants are without knowledge as to whether such lawnmower was new or a replacement for an older mower and therefore deny same.

81. The first sentence is admitted inasmuch as the Plaintiff cut the grass, but denied that same was the result of or occasioned by any promise. The second sentence is denied.

82. Denied.

83. Admitted that Plaintiff was notified of a repeat violation and a September 4 code enforcement board hearing on or about August 21, otherwise denied.

84. As to the first sentence, Defendants are without knowledge as to Plaintiff's travel schedule and therefore deny same. Admitted that Plaintiff was in South Carolina from August 25 to September 25, 2018. The second sentence is admitted. The third sentence is admitted. The fourth sentence is admitted to the extent it was suggested that Plaintiff arrange for someone to appear on

10

his behalf. The fourth sentence is admitted inasmuch as neither Plaintiff nor anyone on his behalf appeared at the hearing, but denied that such failure was the result of short notice.

85. Admitted that Plaintiff returned to South Carolina on or about August 25. Defendants are without knowledge as to his purpose in doing so and therefore deny same.

86. The first sentence is denied. The second sentence is denied. The third sentence is denied.

87. Admitted with the clarification that the Code Enforcement held a hearing to which the City and Plaintiff were parties.

88. Admitted.

89. Admitted that the property was brought into compliance on September 11, 2018. The Defendants are without knowledge of the identity of the person tasked with tending to it, and therefore deny same.

90. Admitted with the clarification that the fines at issue were imposed by the Code Enforcement Board, not the City, as the City lacks the authority to issue code enforcement fines.

91. Admitted.

92. Admitted.

93. The amount of the two liens is admitted, otherwise denied.

94. The City's code speaks for itself.

95. The first sentence is admitted. As to the second sentence, denied that Plaintiff's request for rehearing was rejected (a hearing was held on same on November 6, 2018), admitted that Plaintiff's request for reduction of the fines was rejected. The third sentence is admitted. The fourth sentence is admitted with the clarification that it is the Code Enforcement Board Rules of

Procedure section 4 which prohibit the Board from reducing a fine for a repeat violation. The City is not similarly proscribed.

96. Admitted.

97. Admitted.

98. Denied as an improper conclusion of law.

99. Denied that an offer was made by Plaintiff which the City Attorney could have counteroffered.

100. Admitted.

101. Admitted that the Code Enforcement Board has authorized the City Attorney to file a foreclosure action, denied that such action is imminent or that Plaintiff does not have the money or assets to satisfy the liens.

## V.   CAUSES OF ACTION

### A. COUNT ONE – EXCESSIVE FINES UNDER THE U.S. CONSTITUTION

102. Defendants re-allege and incorporate by reference their prior answers.

103. The United States Constitution speaks for itself.

104. The allegation is an improper conclusion of law.

105. Both sentences are improper conclusions of law.

106. Denied.

107. Both sentences are improper conclusions of law.

108. Denied.

109. The allegation is an improper conclusion of law.

110. Denied.

111. Denied.

112. Denied.

113. Denied.

### B. COUNT TWO- EXCESSIVE FINES UNDER THE FLORIDA CONSTITUTION

114. Defendants re-allege and incorporate by reference their prior answers.

115. The Florida Constitution speaks for itself.

116. The first sentence is an improper conclusion of law. The second sentence is an improper conclusion of law.

117. Denied.

118. Both sentences are improper conclusions of law.

119. Denied.

120. Both sentences are improper conclusions of law.

121. Denied.

122. Both sentences are improper conclusions of law.

123. Denied.

124. The Florida Constitution speaks for itself.

125. Denied.

126. Denied.

127. Denied.

128. Denied.

### C. COUNT THREE – PROCEDURAL DUE PROCESS UNDER THE U.S. CONSTITUTION

129. Defendants re-allege and incorporate by reference their prior answers.

130. The United States Constitution speaks for itself.

131. The allegation is an improper conclusion of law.

132. The allegation is an improper conclusion of law.

133. The allegation is an improper conclusion of law.

134. Denied.

135. Denied.

136. Denied.

137. Denied.

138. Denied.

139. Denied.

140. Denied.

### D. COUNT FOUR – PROCEDURAL DUE PROCESS UNDER THE FLORIDA CONSTITUTION

141. Defendants re-allege and incorporate by reference their prior answers.

142. The Florida Constitution speaks for itself.

143. The allegation is an improper conclusion of law.

144. The allegation is an improper conclusion of law.

145. The allegation is an improper conclusion of law.

146. Denied.

147. Denied.

148. Denied.

149. Denied.

150. Denied.

151. Denied.

152. Denied.

**AFFIRMATIVE DEFENSES**

153. Plaintiff's as-applied procedural due process claim under the Florida Constitution in Count IV fails because Plaintiff has failed to exhaust his administrative remedies. Specifically, Plaintiff failed to appeal any of the Code Enforcement Board's orders in 2015 or 2018. <u>Conley v. City of Dunedin</u>, 2010 WL 146861 (M.D. Fla. January 11, 2010) and cases cited therein.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 6th, 2020, I electronically filed this Motion with the Clerk of the Court using the CM/ECF system, which will provide electronic service of same to Ari S. Bargil, Esq. at abargil@ij.org, and Andrew H. Ward at andrew.ward@ij.org, attorneys for Plaintiffs.

<u>/s/ Jay Daigneault, Esq.</u>
Jay Daigneault, Esq. - FBN 0025859
Randy Mora, Esq. - FBN 0099895
Trask Daigneault, LLP
1001 South Fort Harrison Ave., Ste. 201
Clearwater, Florida 33756
(727) 733-0494 – Phone
(727) 733-2991 – Fax
Primary: jay@cityattorneys.legal
Primary: randy@cityattorneys.legal
Secondary: jennifer@cityattorneys.legal
*Attorneys for Defendants*