UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES FICKEN, trustee,
SUNCOAST FIRST TRUST; and
SUNCOAST FIRST TRUST,

    Plaintiffs,

vs.

CITY OF DUNEDIN, FLORIDA;
DUNEDIN CODE ENFORCEMENT BOARD;
MICHAEL BOWMAN, in his official capacity as Code
Enforcement Board Chairman; LOWELL SUPLICKI,
in his official capacity as Code Enforcement Board
Vice-Chair; ARLENE GRAHAM, in her official
capacity as a member of the Code Enforcement Board;
KEN CARSON, in his official capacity as a member
of the Code Enforcement Board; WILLIAM
MOTLEY, in his official capacity as a member
of the Code Enforcement Board; DAVE PAULEY,
in his official capacity as a member of the Code
Enforcement Board; and BUNNY DUTTON, in
her official capacity as a member of the Code
Enforcement Board,

    Defendants.
_____/

Case No.: 8:19-cv-01210
State Court Case No.: 19-003181-CI

## PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO SUPPLEMENT THE RECORD ON SUMMARY JUDGMENT WITH ADDITIONAL EXHIBITS

    Plaintiffs James Ficken and Suncoast First Trust ("Plaintiffs"), by and through undersigned counsel, respectfully move this Court to grant leave to supplement the record on summary judgment with the exhibits appended to the attached declaration. As grounds for this motion, Plaintiffs state:

    1.    The parties have filed cross-motions for summary judgment in this case, and briefing was completed on April 24, 2020. Oral argument has not yet been scheduled.

2. After the parties filed cross-motions for summary judgment, oral argument was held on Plaintiffs' already-pending Motions to Compel (ECF Nos. 36 & 40) on May 6, 2020. Pursuant to this Court's Order on Plaintiffs' Motions to Compel (ECF No. 53), the City produced supplemental discovery responses to Plaintiffs on May 19, 2020.

3. Among the issues in this case is whether the City of Dunedin or its agents ("the City") prioritize revenue from code enforcement actions over simple compliance. Plaintiffs have alleged, for example, that the code enforcement actions at issue in this case—which resulted in fines of nearly $30,000 for tall grass—were the result of the City's desire to generate revenue through code enforcement. (Pls.' Amended Compl., ECF No. 22).

4. Plaintiffs have incorporated this allegation into their Dispositive Motion for Summary Judgment and Incorporated Memorandum of Law. (ECF No. 43). In support of the motion, Plaintiffs incorporated excerpts from the employee file of former code-enforcement officer Mike Kepto, in which Mr. Kepto touted himself as a "financial asset" to the city. (Pls.' Mot. Summ. J. 5, ECF No. 43).

5. Plaintiffs now seek to supplement the record with similar excerpts from the employee file of former code-enforcement officer Thomas Colbert. Specifically, in the "Accomplishments" section of Officer Colbert's 2016 and 2018 employee evaluations, Officer Colbert touted his role in assisting the City's collection of over $1 million in code enforcement fines. Bargil Decl. Ex. A, C. Additionally, Officer Colbert's self-described accomplishments include the apparent doubling of his caseload from one year to the next. *Compare* Bargil Decl. Ex. B (454 cases per 2017 review) *with* Bargil Decl. Ex. C ("almost 1,000" per 2018 review). This information was not made available to Plaintiffs until after briefing on summary judgment was completed and the City provided Plaintiffs with supplementary discovery responses.

6. Additionally, Plaintiffs seek to supplement the record with data reflecting the drastic increase in the percentage of total fines specifically generated by the City's code enforcement department. *See* Bargil Decl. Ex. D. In this litigation, the City has suggested that its fines and fees revenue comes from numerous sources—like parking tickets and overdue library books—not just code enforcement. *See, e.g.*, Defs.' Mot. Summ. J., Ex. 12 (Trask Dep. 221:17–222:3; 225:22–228:25), ECF No. 42-12. However, the City's recent production shows that the City's code enforcement revenue, as a percentage of all fines, more than doubled between 2010 and 2018, and it now comprises over 94% of all fines and fees collected by the City:

| Fiscal Year | Code Enforcement as a Percentage of Total Fines |
|---|---|
| 2010 | 44.4% |
| 2014 | 75.4% |
| 2018 | 94.3% |

This information was not made available to Plaintiffs until after briefing on summary judgment was completed and the City provided Plaintiffs with supplementary discovery responses.

7. Accordingly, Plaintiffs seek to supplement the record on summary judgment with the attached documents to further establish the City's profit motive in its administration and enforcement of its code of ordinances.

WHEREFORE, undersigned counsel respectfully requests that this Court grant leave to supplement the record on summary judgment with the exhibits appended to the attached declaration.

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)

Pursuant to Local Rule 3.01(g), undersigned counsel for Plaintiffs certify that they have consulted with counsel for the City and have provided them with copies of the proposed exhibits

as well. Counsel for the City indicated that they would not object to the submission of supplementary materials.

Respectfully submitted this 29th day of May 2020.

By: /s/ Ari S. Bargil
Ari S. Bargil (FL Bar No. 71454)*
INSTITUTE FOR JUSTICE
2 S. Biscayne Boulevard, Suite 3180
Miami, FL 33131
Tel: (305) 721-1600
Fax: (305) 721-1601
Email: abargil@ij.org

*Trial Counsel*

Andrew H. Ward (NY Bar No. 5364393)**
INSTITUTE FOR JUSTICE
901 N. Glebe Road, Suite 900
Arlington, VA 22203
Tel: (703) 682-9320
Fax: (703) 682-9321
Email: andrew.ward@ij.org

**Admitted Pro Hac Vice*

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 29th day of May 2020, a true and correct copy of *Plaintiffs' Unopposed Motion for Leave to Supplement the Record on Summary Judgment with Additional Exhibits* was filed with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to the following CM/ECF participants:

Jay Daigneault
Randy Mora
TRASK DAIGNEAULT, L.L.P.
1001 S. Ft. Harrison Avenue, Suite 201
Clearwater, FL 33756
Email: jay@cityattorneys.legal
　　　　randy@cityattorneys.legal
　　　　nanette@cityattorneys.legal

*Counsel for Defendants*

　　　　　　　　　　　　　　　　/s/ Ari S. Bargil
　　　　　　　　　　　　　　　　INSTITUTE FOR JUSTICE