UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES FICKEN, trustee,
SUNCOAST FIRST TRUST; and
SUNCOAST FIRST TRUST,

    Plaintiffs,

vs.

CITY OF DUNEDIN, FLORIDA;
DUNEDIN CODE ENFORCEMENT BOARD;
MICHAEL BOWMAN, in his official capacity as Code
Enforcement Board Chairman; LOWELL SUPLICKI,
in his official capacity as Code Enforcement Board
Vice-Chair; ARLENE GRAHAM, in her official
capacity as a member of the Code Enforcement Board;
KEN CARSON, in his official capacity as a member
of the Code Enforcement Board; WILLIAM
MOTLEY, in his official capacity as a member
of the Code Enforcement Board; DAVE PAULEY,
in his official capacity as a member of the Code
Enforcement Board; and BUNNY DUTTON, in
her official capacity as a member of the Code
Enforcement Board,

    Defendants.
_____/

Case No.: 8:19-cv-01210
State Court Case No.: 19-003181-CI

## JOINT MOTION TO CONTINUE JOINT FINAL PRETRIAL STATEMENT AND INCORPORATED MEMORANDUM OF LAW

The parties write to jointly request a short extension of time for their joint final pretrial statement. Under the Court's current case-management order (ECF 17), counsel must meet in person to discuss the statement by August 7, and they must submit the statement by August 18. The parties respectfully request that these dates be extended to August 28 and September 8. Separately, the parties also request that they be allowed to meet by video.

## MEMORANDUM OF LAW

The parties write to jointly request a short extension of time for their joint final pretrial statement. Under the Court's current case-management order (ECF 17), counsel must meet in person to discuss the statement by August 7, and they must submit the statement by August 18. The parties respectfully request that these dates be extended to August 28 and September 8. The parties submit this memorandum of law in response to this Court's order requiring same (ECF 61).

Under Federal Rule of Civil Procedure 16(b)(4), a scheduling order may be modified for good cause. Good cause for this extension exists because it will likely preserve the parties' resources. Cross-motions for summary judgment are pending, and the parties believe that these motions, rather than a trial, will very likely resolve this case. The subject-matter—the constitutionality of fines the Defendants imposed on the Plaintiff and the Defendants' process for imposing them—is not fact intensive. Indeed, the parties agree on virtually all the facts that a trial could resolve. Their disagreement is about the materiality of those facts, which is the kind of legal issue often resolved on summary judgment. Thus, if the Court resolves the case on the summary-judgment briefs, continuing the final pretrial statement could avoid the expense of travel for an in-person meeting[1] as well as thousands of dollars in attorney time. Even if not, the Court's ruling will likely significantly narrow the issues for trial, and a later conference could allow the parties to focus the pretrial statement on just a handful of issues. A short extension could thus help secure a more "just, speedy, and inexpensive determination" of the case. Fed. R.

---

[1] As separately requested below, the parties also respectfully ask that they be released from the requirement that they meet in person.

Civ. P. 1; *see also McCoy v. Erie Ins. Co.*, 204 F.R.D. 80, 82 (S.D. W.Va. 2001) (noting that modification of a scheduling order to simplify a case does not offend Rule 16(b), which exists to prevent "late attempts to complicate or change the nature of the case").

    Other factors also weigh for a short extension. The parties do not believe this short extension would inconvenience the Court. The statement would still be due a week before the final pretrial conference, the same as pretrial briefs and deposition designations. And because the parties do not seek a jury trial, the Court will not need to review voir dire questions, jury instructions, or a verdict form. Rather, the Court will only be asked to review fairly short lists of exhibits, witnesses, and agreed facts—lists expected to be even shorter if a denial of both summary judgment motions narrows the issues. Additionally, the parties themselves agree that they will not be prejudiced, and they have not sought any prior extensions. *See* Wright & Miller, 6A Fed. Prac. & Proc. Civ. § 1522.2 (3d ed.) (noting that these factors weigh in favor of modifying scheduling orders). Finally, joint (or unopposed) extensions like this are commonly granted in this district. *See, e.g.*, *Johnston v. Borders*, No. 615CV936ORL40DCI, 2018 WL 4383056, at *1 (M.D. Fla. Sept. 14, 2018) (noting the grant of two in one case).

    The parties thus respectfully request that the deadlines to file the joint final pretrial statement, and the conference to discuss it, be extended to August 28 and September 8. Additionally, regardless of whether this request is granted or denied, the parties also respectfully request that, because of the pandemic, this Court permit the parties to meet virtually, as opposed to in-person, to conduct the conference.

    Respectfully submitted this 29th day of July 2020.

    /s/ Ari S. Bargil
    /s/ Jay Daigneault, Esq.

3

Ari S. Bargil (FL Bar No. 71454)*
INSTITUTE FOR JUSTICE
2 S. Biscayne Boulevard, Suite 3180
Miami, FL 33131
Tel: (305) 721-1600
Fax: (305) 721-1601
Email: abargil@ij.org

*Trial Counsel*

Andrew H. Ward (NY Bar No. 5364393)**
INSTITUTE FOR JUSTICE
901 N. Glebe Road, Suite 900
Arlington, VA 22203
Tel: (703) 682-9320
Fax: (703) 682-9321
Email: andrew.ward@ij.org

**Admitted Pro Hac Vice*

*Counsel for Plaintiffs*

Jay Daigneault, Esq. - FBN 0025859
Randy Mora, Esq. - FBN 0099895
1001 South Fort Harrison Ave.,
Ste. 201 Clearwater, Florida 33756
(727) 733-0494 – Phone
(727) 733-2991 – Fax
Primary: jay@cityattorneys.legal
Primary: randy@cityattorneys.legal
Secondary: jennifer@cityattorneys.legal

*Attorneys for Defendants*

Ari S. Bargil (FL Bar No. 71454)*
INSTITUTE FOR JUSTICE
2 S. Biscayne Boulevard, Suite 3180
Miami, FL 33131
Tel: (305) 721-1600
Fax: (305) 721-1601
Email: abargil@ij.org

*Trial Counsel*

Andrew H. Ward (NY Bar No. 5364393)**
INSTITUTE FOR JUSTICE
901 N. Glebe Road, Suite 900
Arlington, VA 22203
Tel: (703) 682-9320
Fax: (703) 682-9321
Email: andrew.ward@ij.org

**Admitted Pro Hac Vice*

*Counsel for Plaintiffs*

Jay Daigneault, Esq. - FBN 0025859
Randy Mora, Esq. - FBN 0099895
1001 South Fort Harrison Ave.,
Ste. 201 Clearwater, Florida 33756
(727) 733-0494 – Phone
(727) 733-2991 – Fax
Primary: jay@cityattorneys.legal
Primary: randy@cityattorneys.legal
Secondary: jennifer@cityattorneys.legal

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of July 2020, a true and correct copy of *Joint Motion to Continue Joint Final Pretrial Statement and Incorporated Memorandum of Law* was filed with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to the following CM/ECF participants:

Jay Daigneault
Randy Mora
TRASK DAIGNEAULT, L.L.P.
1001 S. Ft. Harrison Avenue, Suite 201
Clearwater, FL 33756
Email: jay@cityattorneys.legal
　　　　randy@cityattorneys.legal
　　　　jennifer@cityattorneys.legal

*Counsel for Defendants*

　　　　　　　　　　　　　　　　/s/ Ari S. Bargil
　　　　　　　　　　　　　　　　INSTITUTE FOR JUSTICE

5