UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES FICKEN, trustee,
SUNCOAST FIRST TRUST; and
SUNCOAST FIRST TRUST,

    Plaintiffs,

vs.

CITY OF DUNEDIN, FLORIDA;
DUNEDIN CODE ENFORCEMENT BOARD;
MICHAEL BOWMAN, in his official capacity as Code
Enforcement Board Chairman; LOWELL SUPLICKI,
in his official capacity as Code Enforcement Board
Vice-Chair; ARLENE GRAHAM, in her official
capacity as a member of the Code Enforcement Board;
KEN CARSON, in his official capacity as a member
of the Code Enforcement Board; WILLIAM
MOTLEY, in his official capacity as a member
of the Code Enforcement Board; DAVE PAULEY,
in his official capacity as a member of the Code
Enforcement Board; and BUNNY DUTTON, in
her official capacity as a member of the Code
Enforcement Board,

    Defendants.
_____/

Case No.: 8:19-cv-01210
State Court Case No.: 19-003181-CI

**PLAINTIFFS' MOTION *IN LIMINE* AND
INCORPORATED MEMORANDUM OF LAW**

    Plaintiffs Jim Ficken and Suncoast First Trust move *in limine* to exclude certain evidence from introduction at trial in this case. For the reasons set forth in the incorporated memorandum in support of this motion, Plaintiffs move to exclude evidence related to two topics relied upon by Defendants in their motion for summary judgment (Doc. 42).[1]

---

[1] Per Local Rule 3.01(g), Plaintiffs' counsel certify that they conferred with Defendants' counsel about the need for this motion. Despite a discussion in good faith, the parties could not agree on a resolution of the motion. Although the parties have jointly moved (Doc. 65) to vacate the pretrial schedule (Doc. 17), Plaintiffs are filing this motion now as the current schedule requires.

## INTRODUCTION

This is a case about two things: whether fines of nearly $30,000 for tall grass are unconstitutionally excessive and whether the City can impose those fines without providing notice to a property owner. Plaintiffs move *in limine* to exclude two forms of evidence likely to be presented by Defendants that are not probative of either issue. Most of the evidence was not considered by the Code Enforcement Board below, and its consideration now would be patently improper in light of Supreme Court precedent.

First, Plaintiffs move to exclude evidence related to Plaintiffs' trust or ownership interests in other properties, which are unrelated to the factual or legal issues in this action. As discussed below, Plaintiffs suspect that Defendants will attempt to use such information to incorrectly portray Jim as a wealthy property owner who deserves to incur, and is capable of paying, severe financial sanctions. But the City has admitted that it does not—and indeed should not—consider ownership of other properties when calculating the appropriate fine. In any case, whether an aggrieved party owns other properties is not a factor of the excessive-fines analysis. And it has no bearing on the separate question of whether Jim's due-process rights were violated.

Second, Plaintiffs move to exclude evidence related to Plaintiffs' past code-enforcement violations on other properties and on the subject property prior to 2015. As Plaintiffs discuss below, any such violation is unrelated to the factual or legal issues in this action. Again, the City admitted that such information would not and should not be considered when imposing a fine. Indeed, the Code Enforcement Board's consideration of past violations was limited to its acknowledgement of Jim's 2015 citation for tall grass—the transgression that led to Jim's eventual classification as a "repeat violator." The City's effort to bring in evidence of additional

violations—none of which resulted in fines in Dunedin—is an improper, *post hoc* attempt to malign Jim.

## ARGUMENT

Under Federal Rules of Evidence 401 to 404, this evidence should be excluded for two reasons. First, this Court should exclude evidence of other properties and alleged code violations because virtually none of that information was weighed by the Code Enforcement Board below. For this Court to now consider it at this stage would be plainly improper and erroneous. And second, the U.S. Supreme Court has unequivocally stated that ancillary facts—including other alleged wrongdoing—are not relevant when considering whether a specific fine is excessive under the Eight Amendment anyway. *United States v. Bajakajian*, 524 U.S. 321, 337 n.12 (1998). Each argument is addressed in turn below.

I. **This Court Should Exclude Evidence of Jim's Other Properties and Alleged Code Violations Because Consideration of that Evidence Would Be Erroneous.**

Jim was treated as a repeat offender—and thus subject to $500 daily fines—because he was found in violation of Dunedin's tall-grass ordinance just once before, in 2015. Nevertheless, the City is likely to introduce evidence of other properties he owned (or used to own), as well as instances in which a property owned by Jim was the subject of a code-violation allegation. But the Code Enforcement Board knew nothing about any of this when it voted to fine Jim nearly $30,000 for tall grass. *See* Doc. 43-27 (transcript of Board meeting showing no discussion of other properties). It relied solely on the history of the Lady Marion property, and, even then, much of the history there involves warning and allegations, not prior violations. *See id.* at 4:13–18, 5:1–4.

Accordingly, other than Jim's only other formal violation (from 2015), that information is not relevant to—or properly a part of—this Court's inquiry. The Board's consideration of

"previous violations" under Fla. Stat. § 162.09(3) is limited to the *violation* history on *this* property.² Doc. 43-18 at 247:2–21 (Transcript of 30(b)(6) deposition: "I want to be clear on this, do they review or research or take into consideration whether the alleged violator owns other properties? A: They do not."); *see also* Doc. 43-27 (hearing transcript showing that the Board did not consider Jim's other properties). In fact, the City admits that if any of these unrelated cases *had* been considered it would have been "inappropriate." Doc. 43-17 at 59:14–60:11 (City code inspector testifying that "we're talking specifically about one property, so it would be inappropriate for me to bring up another"). And it would be inappropriate for this Court to consider it now. *See, e.g.*, *NLRB v. U.S. Postal Serv.*, 526 F.3d 729, 732 n.2 (11th Cir. 2008) (per curiam) ("[A] reviewing court, . . . must judge the propriety of [agency] action solely by the grounds invoked by the agency."). This rule of law finds similar application in the excessive-fines context.

## II.  This Court Should Exclude Evidence of Jim's Other Properties and Alleged Code Violations Because that Evidence Is Irrelevant Under U.S. Supreme Court Precedent.

Based on Defendants' arguments in their motion for summary judgment (Doc. 42 at 11–14), Plaintiffs suspect that Defendants will attempt to produce evidence of other properties Jim owns now or has owned in the past.

The U.S. Supreme Court has expressly rejected the notion that the government may justify a fine by considering other matters that did not lead to the fine at issue. *See Bajakajian*, 524 U.S. at 337 n.12 (explaining that a "single willful failure . . . constitutes the crime, the gravity of which is not exacerbated or mitigated" by related wrongdoing). This is true even

---

² Plaintiffs do not move to exclude evidence of tall grass on the Lady Marion property beginning with the 2015 violation that led to Jim's "repeat violator" classification.

where the other alleged violations stemmed from the same facts and circumstances. *Id*. (acknowledging that a charge for a related offense was irrelevant for purposes of the Eighth Amendment because "that separate count did not form the basis of the nonreporting offense for which [the statute] orders forfeiture").

In this case, not only does the City want to introduce evidence of Dunedin code matters unrelated to the 2015 and 2018 tall grass violations (improper under *Bajakajian*), it also wants to introduce evidence of years-old code matters from *other jurisdictions* that do not even involve tall grass (especially improper under *Bajakajian*). In other words, rather than argue that *this violation* on *this property* merited the maximum fine provided for by state statute, the City apparently will try to introduce evidence that Jim's violation, in light of his ownership of *other properties* and *past violation history*, justifies the fines.[3]

That is not what the excessive fines analysis requires. In fact, in the 22 years since *Bajakajian* was decided, none of the courts to have expounded on the *Bajakajian* test have considered a party's unrelated offenses as factors in the analysis. For example, in *United States v. Heldeman*, 402 F.3d 220, 223 (1st Cir. 2005), the First Circuit identified three factors for considering proportionality under *Bajakajian*: "(1) whether the defendant falls into the class of persons at whom the [] statute was principally directed; (2) other penalties authorized by the legislature . . . ; and (3) the harm caused by the defendant." (citing *Bajakajian*, 524 U.S. at 337–40). And while other opinions have further developed *Bajakajian*'s proportionality test, none

---

[3] Should this Court be inclined to consider witnesses and evidence related to Jim's past that bear on his character as a property owner, Plaintiffs will necessarily be entitled to cross-examine those witnesses and present evidence (and, if necessary, live testimony) tending to show Jim's favorable history of care and maintenance of any properties, including in other jurisdictions, dating back through the time periods identified by the City. Such an evidentiary presentation would be lengthy, as the City has cited testimony from four witnesses in support of its arguments related to Jim's alleged misfeasance on other properties. Doc. 42 at 11–14. All of this would of course be an unnecessary exercise for both this Court and the parties—such evidence is irrelevant—but nevertheless is required if this Court considers the City's evidence on these issues.

have distinguished or conflicted with the pronouncement in *Bajakajian* that each fine must be weighed in light of its own specific circumstances. *Bajakajian*, 524 U.S. at 337 n.12.

At its core, the City's apparent desire to introduce this evidence stems from its goal to portray Jim as an irresponsible property owner. Because Jim was allegedly an irresponsible property owner before, the argument goes, he remains one today and he deserves to be fined to the maximum extent allowed by law. But that is not a valid basis for admissibility. To the contrary, Rule 404 expressly prohibits evidence used "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). And as such, the evidence is also inadmissible under Rule 403 because it "suggest[s] [a] decision on an improper basis." *See U.S. v. Caraway*, 534 F.3d 1290, 1301 (10th Cir. 2008) (quoting Fed. R. Evid. 403 advisory committee note). Namely, the City ultimately asks this Court to rule that its treatment of Jim was appropriate not because it was constitutional, but rather because it believes that Jim is a bad guy.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court grant Plaintiffs' Motion *in Limine* and exclude evidence of irrelevant properties and alleged code violations as described above.

Respectfully submitted this 25th day of August 2020.

|  | By: /s/ Ari S. Bargil |
|---|---|
| Andrew H. Ward (NY Bar No. 5364393)** | Ari S. Bargil (FL Bar No. 71454)* |
| INSTITUTE FOR JUSTICE | INSTITUTE FOR JUSTICE |
| 901 N. Glebe Road, Suite 900 | 2 S. Biscayne Boulevard, Suite 3180 |
| Arlington, VA 22203 | Miami, FL 33131 |
| Tel: (703) 682-9320 | Tel: (305) 721-1600 |
| Fax: (703) 682-9321 | Fax: (305) 721-1601 |
| Email: andrew.ward@ij.org | Email: abargil@ij.org |
| **Admitted Pro Hac Vice* | *Trial Counsel |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 25th day of August 2020, a true and correct copy of *Plaintiffs' Motion* in Limine *and Incorporated Memorandum of Law* was filed with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to the following CM/ECF participants:

Jay Daigneault
Randy Mora
TRASK DAIGNEAULT, L.L.P.
1001 S. Ft. Harrison Avenue, Suite 201
Clearwater, FL 33756
Email:  jay@cityattorneys.legal
           randy@cityattorneys.legal
           jennifer@cityattorneys.legal

*Counsel for Defendants*

/s/ Ari S. Bargil
INSTITUTE FOR JUSTICE