**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JAMES FICKEN, trustee,
SUNCOAST FIRST TRUST; and
SUNCOAST FIRST TRUST,

    Plaintiffs,

vs.

CITY OF DUNEDIN, FLORIDA;
DUNEDIN CODE ENFORCEMENT BOARD;
MICHAEL BOWMAN, in his official capacity as Code
Enforcement Board Chairman; LOWELL SUPLICKI,
in his official capacity as Code Enforcement Board
Vice-Chair; ARLENE GRAHAM, in her official
capacity as a member of the Code Enforcement Board;
KEN CARSON, in his official capacity as a member
of the Code Enforcement Board; WILLIAM
MOTLEY, in his official capacity as a member
of the Code Enforcement Board; DAVE PAULEY,
in his official capacity as a member of the Code
Enforcement Board; and BUNNY DUTTON, in
her official capacity as a member of the Code
Enforcement Board,

    Defendants.

_____/

Case No.: 8:19-cv-01210
State Court Case No.: 19-003181-CI

**DEFENDANTS' MOTION *IN LIMINE* AND**
**INCORPORATED MEMORANDUM OF LAW**

    Defendants, CITY OF DUNEDIN, FLORIDA, DUNEDIN CODE ENFORCEMENT BOARD, MICHAEL BOWMAN, LOWELL SUPLICKI, ARLENE GRAHAM, KEN CARSON, WILLIAM MOTLEY, DAVE PAULEY, and BUNNY DUTTON, move *in limine* to exclude certain evidence from introduction at trial in this case. For the reasons set forth in their incorporated memorandum in support of this motion, Defendants move to exclude evidence related to two topics

relied upon by Plaintiffs, for instance, in their motion for summary judgment (Doc. 43), and supplement thereto (Doc. 55).

## INTRODUCTION

Plaintiffs' Amended Complaint asserts claims against the Defendants in connection with code enforcement proceedings and resulting fines on Plaintiffs' property in the City of Dunedin. (Dkt. 22). The first and second counts of Plaintiffs' Amended Complaint assert the daily accruing fine of $500, aggregated to total of over $29,000, and the foreclosure of the corresponding lien are unconstitutional under the Eighth Amendment to the United States Constitution and the parallel provision of the Florida Constitution. (Dkt. 22). In the third and fourth counts, Plaintiffs claim a violation of their procedural due process rights under the Due Process Clause of the Fourteenth Amendment of the United States Constitution and parallel provision of the Florida Constitution. (Dkt. 22). Plaintiffs claim the City failed to inform Ficken of his "repeat violator" status and provide him with an opportunity to contest the designation before it was applied to him. (Dkt. 22).

First, Defendants move to exclude any evidence concerning the quantum of the City's total code enforcement fine revenue, individually or as a percentage of the City's budget or fine revenue, in a single year or period of years. Defendants anticipate Plaintiffs will attempt to improperly assert that the constitutional propriety of the City's code enforcement fines against Plaintiffs somehow can be determined by considering the revenue generated by fines on other properties regardless of the legality or circumstances underpinning those fines. This topic is wholly unrelated to the due process afforded to Plaintiffs and has no bearing on the court's constitutional proportionality analysis.

Second, Defendants move to exclude any evidence related to the City of Dunedin's (the "City") policy analysis concerning the perception and function of its code enforcement policies,

including any post-hoc analyses, audits, opinions, studies, surveys or third-party consultant reports conducted *after* all of the facts actually at issue in this matter crystallized and Plaintiffs filed suit. As discussed below, such policy analysis is irrelevant to the factual issues or legal causes at issue in this suit. Indeed, this suit concerns code enforcement proceedings conducted in 2015 and 2018. Plaintiffs attempts to cloud the issues in this suit with public surveys and third-party studies conducted in the years since are an improper attempt to wield retrospective policy analysis and the issue of public perception as somehow conclusive authority concerning the narrow legal issues presented to this Court.

## ARGUMENT

The evidence at issue in this motion should be excluded because it is wholly irrelevant, and therefore inadmissible to support the legal claims advanced by Plaintiffs in this suit. See Fed. R. Evid. 401 and 402. Moreover, any probative value this evidence may possess is outweighed by the unfair prejudice it causes and its tendency to confuse the legal issues in this suit . See Fed. R. Evid. 403.

**I.      The City's Total Code Enforcement Revenue Should Be Excluded.**

This suit is predicated on the claim that the City's daily $500 fine as against Plaintiffs is unconstitutionally excessive. Plaintiffs assert that the fine was motivated by a desire to generate revenue through code enforcement. (Dkt. 22 and 43). In supplement to their Motion for Summary Judgment Plaintiffs have, for example, offered comments from code enforcement inspectors' annual reviews identifying the sum of the City's code enforcement fine revenues they generated and separately a chart identifying the amount of the City's code enforcement revenues in 2010, 2014, and 2018 as a percentage of the City's total fines in those respective years. (Dkt. 55).

The factors relevant to the proportionality analysis are determined on a case by case basis. United States v. One Parcel Prop. Located at 427 & 429 Hall St., 74 F.3d 1165, 1172 (11th Cir. 1996)).

In this case, proportionality should and must be considered under the rubric of Chapter 162, Fla. Stat., and Chapter 22, DCO. This is especially true where the Supreme Court has explained that "judgments about the appropriate punishment for an offense belong in the first instance to the legislature," United States v. Bajakajian, 118 S.Ct. 2028, 2036 (1998). Both chapters set forth the limited range of daily accruing fines that may be imposed for original or repeat violations of any municipal ordinance. Neither makes any reference to or provision for a comparative analysis of the greater municipal budget.

Plainly stated, despite Plaintiffs' insistence to the contrary, the City's general "profit incentive" is not at issue. Arguments concerning revenue received from code enforcement is irrelevant as it in no way elucidates the issues concerning the way the codes were applied to Plaintiffs in 2015 or the summer of 2018. Instead, presenting this data without consideration to the validity and propriety of each individual fine resulting in the aggregate sum of collected fines will result in unfair prejudice to the City and unquestionably confuse the issues before the court. See Fed. R. Evid. 403.

**II.     Consultant Reports and Citizen Surveys Post-Dating the Fines at Issue in this Suit Should be Excluded.**

As noted in the City's Motion for Summary Judgment and other filings in this case, Plaintiffs are not challenging the facial constitutionality of the City's code enforcement system which, as noted, operates under Chapter 162, Fla. Stat., and Chapter 22, DCO. (Dkt. 41, Dkt.42 at 25). This reduces Plaintiffs' Constitutional proportionality claim to an analysis of the daily accruing fine assessed against Plaintiffs' property.

Plaintiffs have previously argued that surveys and policy opinions are relevant because the reviews and reports "address whether the City's fines tended to be too harsh or whether its code enforcement tended to have insufficient process." (Dkt. 36 at 6 - 8). Assuming for a moment that any of this evidence shows what the City "tends" to do, it is in no way evidence of what it actually

did relative to Plaintiffs and their property. In advancing this line of reasoning Plaintiffs reference a consultant report published *in January 2020*, more than six months after filing suit. (Dkt. 36 at 6 - 8)

In this regard, any post-hoc analyses, audits, opinions, studies, surveys or third-party consultant reports concerning the City's over-arching code enforcement policies or efficacy have no bearing on the inquiry the court is called to resolve in this suit. See, e.g., Kidd v. Jackson, 2012 WL 6569293 (at *3 D. Minn. 2012) (Excluding e-mail from Human Resources Senior Consultant concerning an individual's un-appointment from a body, under Fed. R. Evid. 401 and 403, where the e-mail post-dated the un-appointment and involved speculation). The City asks this Court to exclude such evidence.

## CONCLUSION

Defendants therefore respectfully request that this Court grant their Motion *in Limine* and exclude any evidence of: (1) the City's total code enforcement fine revenue, individually or as a percentage of the City's budget or fines, in a single year or period of years; and any (2) any *post-hoc* analyses, audits, opinions, studies, surveys or third-party consultant reports concerning the City's general code enforcement policies or practices.

Respectfully submitted,

/s/ Randy D. Mora, Esq.
Jay Daigneault, Esq. - FBN 0025859
Randy Mora, Esq. - FBN 0099895
1001 South Fort Harrison Ave.,
Ste. 201 Clearwater, Florida 33756
(727) 733-0494 – Phone
(727) 733-2991 – Fax
Primary: jay@cityattorneys.legal
Primary: randy@cityattorneys.legal
Secondary: jennifer@cityattorneys.legal
*Attorneys for Defendants*

## **LOCAL RULE 3.01 CERTIFICATION**

The undersigned hereby certifies he has conferred with opposing counsel, who does not agree to the relief requested herein.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 25th, 2020, I electronically filed this Notice with the Clerk of the Court using the CM/ECF system, which will provide electronic service of same to Ari S. Bargil, Esq. at abargil@ij.org, and Andrew H. Ward at andrew.ward@ij.org, attorneys for Plaintiffs.

/s/ Randy D. Mora, Esq.
Jay Daigneault, Esq. - FBN 0025859
Randy Mora, Esq. - FBN 0099895
1001 South Fort Harrison Ave.,
Ste. 201 Clearwater, Florida 33756
(727) 733-0494 – Phone
(727) 733-2991 – Fax
Primary: jay@cityattorneys.legal
Primary: randy@cityattorneys.legal
Secondary: jennifer@cityattorneys.legal
*Attorneys for Defendants*