**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JAMES FICKEN, trustee,
SUNCOAST FIRST TRUST; and
SUNCOAST FIRST TRUST,

    Plaintiffs,

vs.

CITY OF DUNEDIN, FLORIDA;
DUNEDIN CODE ENFORCEMENT BOARD;
MICHAEL BOWMAN, in his official capacity as Code
Enforcement Board Chairman; LOWELL SUPLICKI,
in his official capacity as Code Enforcement Board
Vice-Chair; ARLENE GRAHAM, in her official
capacity as a member of the Code Enforcement Board;
KEN CARSON, in his official capacity as a member
of the Code Enforcement Board; WILLIAM
MOTLEY, in his official capacity as a member
of the Code Enforcement Board; DAVE PAULEY,
in his official capacity as a member of the Code
Enforcement Board; and BUNNY DUTTON, in
her official capacity as a member of the Code
Enforcement Board,

    Defendants.
_____/

Case No.: 8:19-cv-01210
State Court Case No.: 19-003181-CI

**DEFENDANTS' UNOPPOSED MOTION**
**TO RESCHEDULE ORAL ARGUMENT PRESENTLY SET FOR SEPTEMBER 11, 2020**

    Defendants, CITY OF DUNEDIN, FLORIDA, DUNEDIN CODE ENFORCEMENT BOARD, MICHAEL BOWMAN, LOWELL SUPLICKI, ARLENE GRAHAM, KEN CARSON, WILLIAM MOTLEY, DAVE PAULEY, and BUNNY DUTTON, hereby move this Court, pursuant to its inherent authority to control its docket, to reschedule the oral argument presently set for September 11, 2020, and in support thereof states as follows:

    1.    This matter was removed to this Court on May 17, 2019. (Dkt. 1).

2. Shortly thereafter, this Court issued its Case Management and Scheduling Order (the "CMO"), placing this matter on the October 2020 trial docket. (Dkt. 17).

3. In accord with the CMO, the Parties filed their competing motions for summary judgment on April 10, 2020 (Dkts. 42 & 43), corresponding responses (Dkts. 49 & 51), and authorized supplements thereto (Dkts. 55 & 56).

4. Thereafter, at this Court's direction (Dkt. 59), on July 29, 2020, the Parties submitted their Joint Statement of Undisputed Facts for Cross-Motions for Summary Judgment (Dkt. 65).

5. As the Court's trial deadlines approached, the parties first sought a short extension of time to file their joint final pretrial statement, and the leniency to conduct any meetings via videoconference. (Dkt. 62).

6. Then, on August 20, the Parties requested this Court vacate the trial schedule and corresponding pretrial deadlines pending resolution of the parties' cross-motions for summary judgment. (Dkt. 65).

7. Last week, this Court vacated the Parties' Motion (Dkt. 70), but issued an order staying or cancelling the remaining pretrial deadlines pending resolution of the Parties' cross-motions for summary judgment. (Dkt. 68).

8. Immediately thereafter, pursuant to its inherent authority, this Court scheduled oral arguments on the Parties' competing motions for Summary Judgment for September 11, 2020 at 11:00 a.m. via Zoom Video Conference. (Dkt. 71).

**MEMORANDUM OF LAW**

9. Regrettably, lead counsel for the Defendants, Jay Daigneault, is unavailable as he is scheduled on the same day to sit for the Florida Bar Board of Legal Specialization and Education's examination for board certification in City, County, and Local Government Law. The examination is scheduled to last from 8:15am to 4:30pm.

10. Though the examination is ordinarily conducted only once a year, in May, this year the global pandemic caused the examination to be rescheduled to September 11, 2020.

11. Defendants respectfully request this Court act upon its own authority and reschedule the hearing to accommodate Defense counsel's availability. See e.g., Chambers v. Nasco, Inc., 501 U.S. 32, 43 (1991); Equity Lifestyle Prop., Inc. v. Fla. Mowing and Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (stating "a district court has the inherent authority to manage and control its own docket so as to achieve the orderly and expeditious disposition of cases") (internal quotes omitted); Fitzgerald Motors, Inc. v. FCA US LLC, 2020 WL 1139092, at *1 (M.D. Fla. Mar. 9, 2020) citing Equity Lifestyle.

12. The requested relief will not cause any prejudice to Plaintiffs or their counsel, as reflected by their consent to the requested relief. Essex Ins. Co. v. Kart Construction, Inc., 2015 WL 12859396 (M.D. Fla. Jan. 13, 2015) (finding no prejudice and granting motion requested where adverse party in litigation "lodge[d] no ascertainable and substantive objection to the motion"). Plaintiffs' counsel requests only that the hearing be rescheduled to a date later than September 11, 2020.

13. The Defendants therefore respectfully request, with Plaintiffs' consent, that the Zoom teleconference hearing on the Parties' competing motions for summary judgment be rescheduled from September 11, 2020, to a later date as soon as practicable.

Respectfully submitted this 2nd day of September 2020.

/s/ Jay Daigneault, Esq.
Jay Daigneault, Esq.

## LOCAL RULE 3.01 CERTIFICATION

The undersigned hereby certifies he has conferred with opposing counsel, who consents to the relief requested herein with the request that the hearing be scheduled on a date subsequent to September 11, 2020.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 2, 2020, I electronically filed this Motion with the Clerk of the Court using the CM/ECF system, which will provide electronic service of same to Ari S. Bargil, Esq. at abargil@ij.org, and Andrew H. Ward at andrew.ward@ij.org, attorneys for Plaintiffs.

/s/ Jay Daigneault, Esq.
Jay Daigneault, Esq. - FBN 0025859
Randy Mora, Esq. - FBN 0099895
1001 South Fort Harrison Ave.,
Ste. 201 Clearwater, Florida 33756
(727) 733-0494 – Phone
(727) 733-2991 – Fax
Primary: jay@cityattorneys.legal
Primary: randy@cityattorneys.legal
Secondary: jennifer@cityattorneys.legal
*Attorneys for Defendants*